Ellen Pierce
vs. } No. 52086.
Joseph A. Pierce et ux.

July 30, 1931.

CARPENTER, J. This case, which is an action in assumpsit, was tried before a jury, and the jury returned a verdict for the plaintiff in the sum of $2,500. Thereupon, the defendants filed a motion for a new trial and the matter is now before this Court on said motion.

It appeared from the evidence that the plaintiff and her husband, Joseph T. Pierce, were the owners of a certain parcel of land located in Pawtucket; that they had lived in the house upon said land for many years, and that, realizing they were getting old, they entered into an agreement with their son, Joseph A. Pierce, and his wife, Anna F. Pierce, whereby Ellen Pierce and Joseph T. Pierce were to convey the real estate to Joseph A. Pierce and his wife. In consideration for this transfer, Joseph A. Pierce and his wife were to provide suitable support and maintenance for the grantors for and during the term of their natural lives. The evidence showed that said property was conveyed as aforesaid on the 10th day of June, 1918, and in said deed the grantees agreed to support the grantors as aforesaid.

A short time after the deed was given, Joseph T. Pierce deceased. From the testimony of Ellen Pierce it appeared that the defendants did not properly treat her, so that it became necessary for her to leave the home of Joseph A. Pierce and his wife and the real estate that had been deeded to the defendants, and go to the home of another son. This action is brought to recover money that it was necessary to expend for her care and lodging at the home of the other son.

The defendants claimed that they had done nothing to cause the plaintiff to leave their home, but had always treated her very kindly and did everything that they could to make her comfortable.

The evidence as submitted created a pure question of fact for the jury to decide as to whether or not the defendants had complied with their contract as set forth in the deed of conveyance. From the verdict it appeared that the jury found that they had not complied with their contract and assessed damages in the sum of $2,500.

The Court feels that substantial justice has been done by the jury in this case and the motion for a new trial is denied.

For plaintiff: Anthony V. Pettine.

For defendants: Thomas P. Corcoran.